## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **WANDA E. BARLUCEA MATOS,**<br><br>**Plaintiff,**<br><br>**v.**<br>**CORPORACION DEL FONDO DEL SEGURO DEL ESTADO,**<br><br>**Defendant.** | **Civil No. 10-1868 (GAG)** |

### OPINION AND ORDER

Wanda E. Barlucea-Matos ("Barlucea" or "Plaintiff") brings this action against the Corporacion del Fondo del Seguro del Estado ("CSIF") for alleged disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §§ 1210, *et seq.* Barlucea also invokes this court's supplemental jurisdiction to adjudicate claims pursuant to Puerto Rico Law No. 44 ("Law 44"), P.R. LAWS ANN. tit. 1 §§ 501 *et. seq.*, and Puerto Rico Law No. 115 ("Law 115"), P.R. LAWS ANN. tit. 29 § 194(a). CSIF made a motion to dismiss the claims pursuant to the Eleventh Amendment (Docket No. 41), which Plaintiff opposed (Docket No. 45). The court denied the motion (Docket No. 48). Presently before the court are three motions.

CSIF motioned for summary judgment. (Docket No. 40.) Plaintiff opposed the motion at Docket No. 58. Next, Plaintiff submitted two motions to strike CSIF's exhibits at Docket No. 56 & 57, which CSIF opposed at Docket No. 63. For the following reasons, the court **GRANTS in part** and **DENIES in part** Barlucea's motion to strike portions of Exhibits 1 and 3 (Docket No. 57), **DENIES** Barlucea's motion to strike Exhibits 2 and 6 (Docket No. 56), and **GRANTS** CSIF's

motion for summary judgment at Docket No. 40.

### I.   Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable

2

Civil No. 10-1868 (GAG)

inferences.  Id. at 255.  Moreover, at the summary judgment stage the court does not make credibility

determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the

non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and

unsupported speculation."  Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006)

(quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

     II.     **Factual and Procedural Background**

     Barlucea worked for the CSIF from May 16, 1986, until 2009.  (See Docket No. 59-1 at 1.)

As a result of several accidents, Barlucea underwent three operations on her back between 1996 and

2009.  (Id. at 2-3.)  The surgeries left Barlucea unable to drive for more than twenty minutes.  (Id.

at 4.)  In addition, Barlucea cannot sit or stand for extended periods of time, lift heavy objects, or

bend at the waist.  (See Docket Nos. 59 at 39-40; 64-2 at 68.)

     In 2002, Barlucea moved from Guaynabo, located near her place of employment in San Juan,

to Cayey, over an hour away from her place of employment by car.  (See Docket No. 40-3 at 17-19.)

Barlucea requested a transfer to the CSIF in Cayey at that time and told CSIF that she was moving

to Cayey for personal reasons.  She also informed CSIF that her back condition could be exacerbated

if she had to drive for more than twenty minutes.  (See Docket No. 40-4 at 64.)  Barlucea received

an administrative transfer to Cayey on February 7, 2003, which stated, "In [Cayey] you will be

indicated the functions to perform, for the period that you will be performing your duties." (Docket

No. 76-2 at 1.)  Barlucea worked in Cayey from 2003 until August 10, 2009, performing various

duties outside of her job description because the job she previously performed in San Juan did not

exist in Cayey.  (See Docket Nos. 59-1 at 3; 40-3 at 37.)  Barlucea's job title and salary remained

Civil No. 10-1868 (GAG)

those of an Administrative Officer V while she worked in Cayey, the same title that she had when she worked in San Juan, even though she performed none of the duties of an Administrative Officer V. (Id.)  In 2003, CSIF in San Juan redistributed the tasks that Barlucea previously performed among other employees in the San Juan office. (Id.)

Barlucea underwent her third surgery in January 2009 and CSIF placed her on medical leave. (See Docket No. 59-1 at 3.)  While on medical leave, CSIF informed Barlucea that her new supervisor, Brian Zayas ("Zayas"), would rescind her administrative transfer and she would be required to work in San Juan. (Id.)  Barlucea requested to remain working in Cayey as an accommodation, but CSIF denied her request. (Id. at 4.)  Barlucea worked for a few months in San Juan and resigned effective December 31, 2009. (See Docket No. 40-4 at 68.)

CSIF moved for summary judgment on the grounds that Barlucea is neither disabled nor a qualified individual under the ADA. (See Docket No. 40 at 7, 13.)  CSIF argues that Barlucea is estopped from asserting facts that she is a qualified individual because she receives Social Security Disability Insurance ("SSDI") benefits. (Id. at 22.)  CSIF also argues that Barlucea's requested accommodation was not reasonable. (Id. at 17.)  Lastly, Barlucea moves to strike CSIF's Exhibits 2 and 6 and portions of Exhibits 1 and 3. (See Docket Nos. 56 and 57.)

## III.   Motions to Strike

### A.   Barlucea's Motion to Strike Her Own Deposition Testimony

The Federal Rules of Civil Procedure require that an officer taking a deposition certify that the deposition is a true and accurate recording of the deponent's testimony and the deponent was sworn. FED. R. CIV. P. 30(f)(1).  This rule ensures that documents comply with the authentication

4

**Civil No. 10-1868 (GAG)**

requirement of Federal Rule of Civil Procedure 901.  <u>See also</u> <u>Del Toro-Pacheco v. Pereira-Castillo</u>, 662 F. Supp. 2d. 202, 211 (D.P.R. 2011) (explaining "Rule 30(f)(1) deals with authentication of depositions by certification . . . ."). If a deposition transcript is not properly authenticated in this manner, the deposition evidence may not be admissible. <u>See</u> <u>Rojas-Ramirez v. BMJ Foods, Inc.</u>, Civil No. 09-1593 (GAG), 2011 U.S. Dist. LEXIS 18230, at *16-17 (D.P.R. Feb. 24, 2011); <u>Acevedo v. Potter</u>, Civil No. 08-1468 (DRD), 2011 WL 1707075, at *3 n.4 (D.P.R. Mar. 8, 2011) (excluding evidence from administrative hearing that fails to include certificate from notary that witness was sworn and transcript was accurate).  However, under some circumstances courts have admitted deposition transcripts without the reporter's certification.  <u>See</u> <u>Stanley Martin Cos. v. Universal Forest Prods. Shoffner LLC</u>, 396 F. Supp. 2d 606, 613 (D. Md. 2005) (holding compliance with Rule 901 when testimony taken during present litigation, opposing party represented by counsel, and opposing party in possession of copies); <u>Russo v. City of Hartford</u>, No. 3-97-cv-2380, 2004 U.S. Dist. LEXIS 21092, *7 (D. Conn. Sept. 30, 2004) (denying motion to strike in the absence of counsel arguing transcripts were inaccurate or altered).

CSIF did not attach the reporter's certification of Barlucea's deposition testimony or the portion of the deposition noting that Barlucea was sworn.  Barlucea contends that, as a result, the court should strike her deposition from the record for failure to comply with Rule 30(f)(1).  (<u>See</u> Docket No. 56 at 2.)  CSIF has since submitted the reporter's certification.  (<u>See</u> Docket No. 63-1 at 4.)  Moreover, Barlucea has not alleged that CSIF altered the transcript of her deposition.  CSIF sent Barlucea a complete copy of her deposition transcript, including the reporter's certification. (<u>See</u> Docket No. 63 at 3.)  Barlucea did not object to the transcript or submit it to show that it has

5

Civil No. 10-1868 (GAG)

been altered.  Accordingly, Barlucea's motion to strike her deposition testimony is **DENIED**.

      **B.**      **Barlucea's Sham Affidavit**

      CSIF asserts that Barlucea's sworn affidavit, executed after CSIF submitted its motion for summary judgment, contradicts Barlucea's deposition testimony to create an issue of fact and bypass the summary judgment threshold.  (See Docket No. 73 at 7-8.)  "When an interested party has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."  Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994). In explaining the procedure by which to deal with such documents, the First Circuit declared that district courts are in a unique position to assess these sham affidavits and, therefore, are entitled to disregard portions of affidavits that include new information.        See Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 54 (1st Cir. 2000).  The court may disregard affidavits that contain testimony that is contradictory to previous deposition testimony given by the same witness. See id.  The Hernandez-Loring court further emphasized that "in applying this rule, it is critical that there be no 'satisfactory explanation' since lapse of memory, new sources of information or other events can often explain a revision of testimony."  Id.  (analyzing whether later-filed affidavit contradicted prior deposition testimony or merely included additional specifics).  However, the interested party may elaborate, clarify, or explain her deposition testimony in her affidavit.  See Malave-Torres v. Cusido, Civil No. 11-1432 (GAG), 2013 WL 310246, *3 (D.P.R. Jan. 28, 2013).

      Therefore, in assessing whether to disregard Barlucea's statements in her sworn affidavit, the court must analyze whether these statements are unambiguously contradictory to her previous

**Civil No. 10-1868 (GAG)**

testimony.  Barlucea testified at her deposition that she did not perform the job of an Administrative

Officer V while she worked in Cayey because the position did not exist there.  (See Docket No. 40-3

at 37, 39.)  The deposition testimony states in part:

> A: In other words, there was a bunch of duties that had to be done and I was doing them all
> of those.
> Q: Okay.  In other words, that it was not that you were performing the duties of "X" position.
> A: No.
> Q: It was that you were performing the duties that had to be done.
> A: Exactly.

(Id. at 36.)

> Q: But then you continued being an Administrative Officer V.
> A: My title was always the same . . .
> Q: The title was always the same.
> A: . . . because it did not exist in the dispensary. Exactly.

(Id. at 37.)

> Q: Okay.  And that is precisely why you were not performing those duties that you performed
> in San Juan in Cayey because it is that they do not exist there.  If they had, you would have been
> performing there there [sic], right?
> A: It's that honestly I do not . . . if the position existed in Cayey . . . in Cayey there was a
> position of III, that I requested it.  It's that I do not understand.
> Q: Yes, but we are talking about yours.  Yours is V.  V is in San Juan.
> A: It does not exist in Cayey.  It does not exist.
> Q: It does not exist in Cayey.
> A: V does not exist in any dispensary.

(Id. at 39.)

As an interested party, Barlucea cannot use an affidavit to change her testimony.  In her

deposition, Barlucea stated she did not perform the duties of an Administrative Officer V.  In her

affidavit, Barlucea stated that she performed the job of Administrative Officer V with the reasonable

accommodation that she work from Cayey.  (See Docket No. 59-1 at 5.)  These statements clearly

7

Civil No. 10-1868 (GAG)

contradict one another.  Barlucea had the opportunity to clarify her testimony during the deposition.

She did not indicate she was having trouble understanding the questions posed to her.  Her affidavit

cannot be read as merely explaining her deposition responses.  It clearly attempts to contradict her

deposition testimony without offering a sufficient explanation.  Therefore, pursuant to Colantuoni

and Hernandez-Loring, the court will disregard the portions of Barlucea's affidavit that state she was

able to perform her job with a reasonable accommodation.

### C.     Barlucea's Motion to Strike Statements from Affidavits

Barlucea moved to strike statements from the affidavits of Zayas and Saul Rivera ("Rivera")

because the affiants did not provide the source of their personal knowledge.  (See Docket No. 57.)

The Federal Rules of Civil Procedure requires that affidavits must be based on personal knowledge

to be considered by the court at the summary judgment stage. FED. R. CIV. P. 56(c)(4);  Perez v.

Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001).  "However, a bare assertion that a statement is

based on the affiant's personal knowledge will not suffice; rather, the affidavit must be factually

specific and explain the basis for that knowledge." Navedo v. Nalco Chem., Inc., 848 F. Supp. 2d

171, 179 (D.P.R. 2012).  A manager has personal knowledge of matters under his supervision.  See

Perez, 247 F.3d at 316.  However, statements made that unidentified persons gave the affiant

information at an unspecified time do not establish the affiant's personal knowledge.  Id.

Barlucea objects to paragraphs five, six, seven, and eight of Zayas's affidavit.  As the

Associate Director of Information Systems and Barlucea's direct supervisor, Zayas has personal

knowledge of matters under his direct or indirect supervision.  Id.  However, he does not have

personal knowledge of matters before he became the Associate Director in January 2009.  Id.

Civil No. 10-1868 (GAG)

Therefore, the court will consider paragraphs five, six, and eight in its analysis because Zayas has personal knowledge of the information in those paragraphs. The court will disregard paragraph seven because Zayas does not have personal knowledge of the information in that paragraph. However, Barlucea admitted the contents of paragraph seven in her own deposition testimony, thereby off-setting the effect of the court disregarding this statement.

Barlucea also objects to paragraphs three, six, seven, and eight of Rivera's affidavit. As the Associate Director of Human Resources, Rivera had access to personnel files. (See Docket No. 40-2 at 1.) However, Rivera's affidavit does not provide a sufficient foundation for the court to conclude that Rivera had personal knowledge of the evidence in paragraphs six, seven, and eight. Therefore, the court will disregard these statements. However, Barlucea admitted the contents of these paragraphs in her deposition testimony. Although the court disregards these statements, it will not alter the outcome of CSIF's motion for summary judgment. Paragraph three of Rivera's affidavit is immaterial to the disposition of this motion.

### IV.    Barlucea's Failure to Accommodate Claim

The ADA requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). An employer's refusal to provide a reasonable accommodation to a disabled employee is disability discrimination. Id. To make the *prima facie* claim for failure to accommodate, a plaintiff must demonstrate that she: (1) had a disability as defined by the ADA; (2) was a qualified individual, and; (3) the employer knew about the disability and failed to accommodate it. Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 198 (1st Cir. 2011).

Civil No. 10-1868 (GAG)

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  Standing, lifting, and bending are all considered major life activities.  42 U.S.C. § 12102(2)(A).  The ADAAA added that "[t]he definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter."  42 U.S.C. § 12102(4)(A).

Barlucea is disabled under the ADA.  The parties agree that Barlucea cannot sit or stand for extended periods of time, and that she also cannot lift heavy objects or bend at the waist.  (See Docket Nos. 59 at 39-40; 64-2 at 68.)  Construing the ADA's definition broadly, the court finds that Barlucea has produced sufficient evidence to prove that she is disabled within the meaning of the ADA.  However, Barlucea has not presented evidence that she was disabled within the meaning of the ADA when she first requested a transfer in 2002.  Her letter requesting a transfer stated that she had a condition that could be exacerbated by long drives, and Barlucea has not provided evidence that, at that time, she was substantially limited in a major life activity.  (See Docket No. 40-4 at 64.)

Moving to the second prong, "[a] qualified individual under the ADA is one 'able to perform the essential functions of [her position] with or without reasonable accommodation.'" Phelps v. Optima Health Inc., 251 F.3d 21, 25 (1st Cir. 2001); see Laurin v. Providence Hosp., 150 F.3d 52, 56 (1st Cir. 1998).  A reasonable accommodation is one that allows the employee to perform the essential functions of her job.  Reed v. LePage Bakeries, Inc., 244 F.3d 254, 258 (1st Cir. 2001).  The employee has the burden of showing that the employer could provide a reasonable accommodation, and then the employer has the burden of showing that the reasonable accommodation would impose

10

Civil No. 10-1868 (GAG)

an undue hardship.  Id.  "[E]vidence that accommodations were made so that an employee could avoid a particular task 'merely shows the job could be restructured, not that [the function] was non-essential.'"  Phelps v. Optima Health, Inc., 251 F.3d 21, 26 (1st Cir. 2001) (quoting Basith v. Cook County, 241 F.3d 919, 930 (7th Cir. 2001)).

The First Circuit held in Phelps that a special arrangement between an employer and employee did not alter the essential functions of the position.  251 F.3d at 25-26.  The plaintiff in Phelps argued that she was no longer required to perform all the essential functions of the position for which she was hired because she had arranged to not perform those functions.  Id. at 25.  The First Circuit held "a court must evaluate the essential functions of the job without considering the effect of the special arrangements."  Id. (citing Basith v. Cook Cnty., 241 F.3d 919, 930 (7th Cir. 2001)).  "The fact that an employee might only be assigned to certain aspects of a multi-task job does not necessarily mean that those tasks to which she was not assigned are not essential."  Phelps, 251 F.3d at 26 (citing Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175-76 (10th Cir. 1999).  Evidence that an employer accommodated the limitations of an employee demonstrate that the position could be restructured, rather than demonstrating that the functions omitted were not essential.  See id.

Barlucea admitted during her deposition that she did not perform the tasks of an Administrative Officer V while she worked in Cayey, because that job did not exist in Cayey.  (See Docket No. 40-3 at 37.)  Although CSIF allowed Barlucea to keep her title, salary, and benefits while she did none of her job's tasks for six years, CSIF was not required to continue to redistribute Barlucea's essential job functions.  Phelps, 251 F.3d at 25-26; see generally Laurin, 150 F.3d at 60-

11

Civil No. 10-1868 (GAG)

61. By Barlucea's own admission, CSIF had to redistribute all of her job functions in San Juan, both essential and nonessential, because her job did not exist in Cayey and she could not do the job of an Administrative Officer V from Cayey.  An employer need not retain an employee who cannot perform the essential functions of her job.  See Phelps, 251 F.3d at 28.  Barlucea does not argue that she could perform the essential functions of an Administrative Officer V; rather, she argues she should be able to continue to perform the duties assigned to her while she worked in Cayey.  The ADA does not require an employer to create a new position for a disabled employee.  See Furtado v. Standard Parking Corp., 820 F. Supp. 2d 261, 278 (D. Mass. 2011) (citing Phelps, 251 F.3d at 27). Based on these facts, it is unnecessary to determine whether being physically present was in itself an essential job function.  Barlucea performed none of the job functions of an Administrative Officer V while she worked at Cayey, making her requested accommodation unreasonable.

Barlucea also claims that CSIF discriminated against her by failing to consider her for jobs available in demotion at the Cayey dispensary.  She asserts, based on what she admitted during her deposition to be assumptions, that there were two openings at Cayey and CSIF never offered her these jobs.  (See Docket No. 40-4 at 3-4.)  Barlucea's assumptions do not create a sufficient foundation for this court to find that she has personal knowledge of the jobs that may have been available in Cayey.  Barlucea points to no evidence that demonstrates CSIF hired any outside employee for a position for which she was qualified.  There is no other evidence that there were jobs available at the Cayey dispensary and CSIF denies that there were any jobs available in Cayey.  (See Docket No. 40-2 at 4.)  Therefore, the court finds Barlucea has failed to demonstrate there were jobs available that CSIF did not offer her.  As a result, there is no genuine dispute as to job availability

**Civil No. 10-1868 (GAG)**

in Cayey.  Therefore, the court finds that there were no vacant jobs for which Barlucea qualified in

Cayey.  (<u>See</u> Docket No. 59-1 at 44.)  Accordingly, the court **GRANTS** CSIF's motion for summary

judgment as to Barlucea's ADA claim.

### V.    State Law Claims

Having dismissed Barlucea's federal claim, the court declines to exercise its supplemental

jurisdiction over Barlucea's claims under Law 44 and Law 115.  "As a general principle, the

unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the

commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law

claims."  <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995).  In cases where the

federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction

doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to

exercise jurisdiction over the remaining state-law claims."  <u>Id.</u>  The use of supplemental jurisdiction

in these circumstances is completely discretionary, and is determined on a case-by-case basis.  <u>Id.</u>

As all of Barlucea's federal claims have been dismissed, the court, in its discretion, **DISMISSES**

Barlucea's remaining state law claims without prejudice.

### VI.    Conclusion

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** Barlucea's

motion to strike portions of Exhibits 1 and 3 (Docket No. 57), **DENIES** Barlucea's motion to strike

Exhibits 2 and 6 (Docket No. 56), and **GRANTS** CSIF's motion for summary judgment at Docket

No. 40.

**Civil No. 10-1868 (GAG)**

**SO ORDERED**

In San Juan, Puerto Rico this 14th day of March, 2013.

S/Gustavo A. Gelpí

GUSTAVO A. GELPÍ

United States District Judge